**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-04272 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| NOELLE DAVIES and BLONDES | ) | |
| HAVE MORE FUN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss [10] is denied.

## STATEMENT

J & J Sports Productions, Inc. ("Plaintiff") filed suit against Noelle Davies and Blondes Have More Fun, Inc. (collectively, "Defendants") on May 14, 2015, alleging violations of 47 U.S.C. § 605 *et seq.* and 47 U.S.C. § 553 *et seq.* (Compl., Dkt. # 1.) This case is before the Court on Defendants' motion to dismiss the complaint. (Mot. Dismiss, Dkt. # 10.)

## Background

Plaintiff is a California corporation which owned exclusive nationwide television distribution rights to the September 14, 2013 WBC middleweight title fight between Floyd Mayweather Jr. and Saul Alvarez. (Compl., Dkt. # 1, ¶¶ 6, 14.) Defendants are a corporation operating a bar and grill in Chicago and its officer, director, shareholder, and/or principal. (*Id.* ¶¶

8-12.) The only factual allegation in the Complaint relating to Defendants' conduct is the following paragraph:

> With full knowledge that the Program was not to be intercepted, received, and exhibited by entities unauthorized to do so, each and every of the above-named defendants and/or their agents, servants, workmen, or employees did unlawfully publish, divulge, and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(*Id.* ¶ 17.) Based on this conduct, Plaintiff brings this suit containing two counts. Count I alleges that Defendants violated 47 U.S.C. § 605, while Count II alleges that Defendants violated 47 U.S.C. § 553. (*Id.* ¶¶ 18-19, 23-24.)

## **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. To state a claim, a complaint need only contain a short and plaint statement showing that the plaintiff is entitled to relief. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (ellipsis in original).

**Discussion**

Defendants move to dismiss the complaint on the ground that it fails to adequately allege an unlawful interception of a wireless signal or cable communication under either 47 U.S.C. § 605 or 47 U.S.C. § 553. The first of these statutes provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 553, by contrast, provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). While both statutes prohibit unauthorized interception and use of communications, the Seventh Circuit has interpreted § 605 to apply only to satellite or radio transmittal – not to transmittal by cable – and § 553 to apply only to cable systems. *See United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996). Accordingly, the two statutes are mutually exclusive and a defendant cannot be liable under both statutes for the same act. *See J & J Sports Prods., Inc. v. Banda*, No. 08-CV-2570, 2009 WL 960098, at *3 (N.D. Ill. Apr. 8, 2009).

As their reply brief makes clear, Defendants' objection to the complaint is that it simply alleges a wrongful "interception" without specifying whether the boxing match in question was intercepted from a satellite transmission or via cable. (Reply, Dkt. # 15 at 2) ("At a bare

minimum, the Court should require Plaintiff to allege the type of allegedly wrongful interception that allegedly occurred"). In support of their argument, Defendants cite to two cases in which district courts dismissed similar complaints, requiring them to adequately allege whether the interception in question was of a cable television or a satellite signal. *See J & J Sports Prods., Inc. v. Salmeron*, No. 14-1000, 2014 WL 6640003 (E.D. La. Nov. 21, 2014); *G & G Closed-Circuit Events, LLC. v. Houston Hobby Invs., Inc.*, 59 F. Supp. 3d 781, 783 (N.D. Tex. 2014).

The cases cited by Defendants, however, come from district courts outside this circuit – and it appears that every time a similar argument has been made within the Seventh Circuit, this and other courts have rejected it. *See, e.g.*, *J & J Sports Prods., Inc. v. Ruiz*, No. 14-CV-2973, 2015 WL 587060, at *2-3 (N.D. Ill. Feb. 11, 2015) (noting that courts in this district "have found claims sufficient at the motion to dismiss stage despite a plaintiff's failure or inability to allege the exact mechanism by which a program was intercepted" and collecting cases); *J & J Sports Prods., Inc. v. Salazar*, No. 13-CV-7883, 2014 WL 6461606, at *3 (N.D. Ill. Nov. 18, 2014) ("Because the language in J & J Sports' complaint precisely tracks language that has been held to state a claim for relief that is 'plausible on its face,' the court denies [defendant's] motion to dismiss."); *Joe Hand Promotions, Inc. v. Lynch*, 822 F. Supp. 2d 803, 805-06 (N.D. Ill. 2011) (holding that pleading alternative claims under the two interception statutes is permissible despite their mutual exclusivity, because a defendant "is in no danger of recovery under both statutes, given the established law precluding that result").

As this line of cases notes, a complaint pleading both § 605 and § 553 violations can only be fairly read as stating these claims in the alternative; only after discovery reveals the mechanism behind the interception must a plaintiff commit to one theory or the other. *See Joe Hand Promotions*, 822 F. Supp. 2d at 805-06 ("The mutual exclusiveness of § 605 and § 553 is

well-established law. In light of that legal principle, any complaint asserting that a single action violates both statutes can only be interpreted as stating alternative claims"). Permitting alternative pleading is particularly appropriate here, because "identification of the correct statute depends on ascertaining a fact of which the plaintiff may not yet be aware, namely, whether the defendant intercepted [the program in question] by satellite or through a cable system." *Id*. "Allowing discovery of that fact will provide the necessary enlightenment to indicate under which statute the plaintiff should recover." *Id*.

Defendants argue that allowing both statutory claims to proceed prejudices them by allowing Plaintiff to "maintain the broadest conceivable case through discovery for maximum settlement leverage." (Reply, Dkt. # 15 at 5.) The Court sees no prejudice in this result. The facts established through discovery will ultimately restrict Plaintiff's claim to one statute or the other, and Defendants will thus engage in any settlement negotiations with the knowledge that Plaintiff will not be able to recover under both statutes. Defendants also attempt to justify dismissal by alleging that Plaintiff has recently filed a "flurry of lawsuits" asserting identical claims against numerous small businesses, and arguing that this is an "unseemly misuse of the litigation process" in light of the high statutory damages and litigation costs such suits impose. (Reply, Dkt. # 15 at 4, 6.) They support this argument by attaching to their brief a list of Plaintiff's recent lawsuits and a news article discussing similar litigation. This is a wholly improper line of argument at this stage, as it alleges facts outside the pleadings and bears no relation to the sufficiency of the complaint under Rule 12(b)(6). *See J & J Sports Prods., Inc. v. Rezdndiz*, No. 08 C 4121, 2008 WL 5211288, at *3 (N.D. Ill. Dec. 9, 2008) (admonishing defendant that an identical strategy – including "an exhibit listing the names of cases that plaintiff has brought" – is "improper and irrelevant" at the motion to dismiss stage).

Plaintiff's complaint adequately puts Defendants on notice of the basis for the claims. The complaint specifies the date and participants of the boxing match in question, establishes that Plaintiff owned the exclusive rights to show the match, and alleges that Defendants exhibited the match in their establishment without paying a licensing fee for the rights to do so. Whether Defendants intercepted the match through satellite or cable will ultimately limit Plaintiff to one statute or the other, but no allegation regarding the mechanism of interception is required prior to discovery where Plaintiff pleads the two statutory claims in the alternative.

## **CONCLUSION**

For the reasons set forth above, the Defendant's motion to dismiss [10] is denied.

**SO ORDERED.** ENTERED: August 19 , 2015

_____
**HON. RONALD A. GUZMÁN
United States District Judge**